# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1372
No. 01-1374

_____

Jeffrey Hale, by and through his    *
parents, Jack Hale and Sherry Hale,    *
   *
     Plaintiff - Appellee/    *    Appeals from the United States
     Cross Appellant,    *    District Court for the
   *    Eastern District of Missouri.
     v.    *
   *    **[TO BE PUBLISHED]**
Poplar Bluff R-I School District,    *
   *
     Defendant - Appellant/    *
     Cross Appellee.    *

_____

Submitted: December 13, 2001

Filed: February 11, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Jeffrey Hale and his parents commenced this action under the Individuals with Disabilities Education Act (IDEA) seeking judicial review of the decision of an administrative hearing panel. See 20 U.S.C. § 1415(i). Based upon the administrative record and the parties' cross motions for summary judgment, the

district court[1] ruled that the Poplar Bluff School District had violated IDEA's "stay put" provision, 20 U.S.C. § 1415(j), and ordered the District to provide Jeffrey compensatory education services in the form of a summer program. However, the court concluded that the District had provided Jeffrey the free appropriate public education IDEA requires and therefore denied Jeffrey all other relief. See 20 U.S.C. § 1412(a)(1). The court also denied the Hales an award of attorneys' fees because they "prevailed on only a very small and technical part of their claim," and because of "the parents' unreasonable failure to cooperate in arrangements for Jeffrey's return to school." The Hales and the District cross appeal. We affirm.

Jeffrey Hale suffers from mild cerebral palsy. He is a "child with a disability" for purposes of the IDEA. See 20 U.S.C. § 1401(3)(A). In February 1999, Jeffrey was in the sixth grade, receiving regular classroom and special education services from the Poplar Bluff School District in accordance with his Individualized Education Program. See 20 U.S.C. § 1412(a)(4). That month, he had surgery to implant a pump in his abdomen that would deliver medication to his spine. With the District's approval, Jeffrey began receiving homebound instruction while he recovered from the surgery. In August, this recovery period was extended into his seventh grade school year because the pump had to be replaced.

During the fall of 1999, relations between the Hales and the District deteriorated to the point of total lack of cooperation. By early January, both parties had requested due process hearings to determine the appropriateness of Jeffrey's education program. In mid-January, the District concluded that Jeffrey's home was no longer an appropriate learning environment and notified the Hales that Jeffrey would now be provided the same services at school. The Hales refused to bring Jeffrey to school, and he received no schooling until the district court issued a

---

[1]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.

preliminary injunction ten months later. Meanwhile, the due process hearing panel concluded that the District had provided Jeffrey a free appropriate public education and had not violated IDEA's stay-put provision, but it ordered the District to provide extended school year services and other relief while Jeffrey's home schooling was being phased out. Both sides sought judicial review of this decision.

The district court first concluded that the District's unilateral decision to change the location of Jeffrey's schooling from home to school violated the stay-put provision. Under that provision, "during the pendency of any [due process] proceedings . . . the child shall remain in the then-current educational placement of such child" unless all parties agree otherwise. 20 U.S.C. § 1415(j). The stay-put provision is literally and rigorously enforced, consistent with its purpose "to strip schools of the *unilateral* authority they had traditionally employed to exclude disabled students." Honig v. Doe, 484 U.S. 305, 323 (1988) (emphasis in original).

The statute does not define the term "then-current educational placement," and the District argues there was no change when it offered Jeffrey identical educational services at a different location in January 2000. Considering this a fact-specific issue, the district court reviewed the impact of the change on Jeffrey and concluded that "[m]oving the location of his services, in this case, changed the educational placement." We agree. Though the parties cite prior cases which seem to disagree on whether a mere change in location was a change in educational placement, the conflict is more apparent than real. A transfer to a different school building for fiscal or other reasons unrelated to the disabled child has generally not been deemed a change in placement, whereas an expulsion from school or some other change in location made on account of the disabled child or his behavior has usually been deemed a change in educational placement that violates the stay-put provision if made unilaterally. See Bd. of Educ. of Cmty. High Sch. Dist. No. 218 v. Ill. State Bd. of Educ., 103 F.3d 545, 548-49 (7th Cir. 1996), and cases cited.

Surprisingly, we have found no appellate decision discussing the proper standard for our review of this issue. The district court properly construed the statute, correctly identifying the change-in-placement issue as fact intensive. The court then made specific findings as to the impact of this change on Jeffrey's education that are not clearly erroneous. That should be the end of our review, but most circuit courts seem to have reviewed the issue *de novo*. See, e.g., <u>DeLeon v. Susquehanna Cmty. Sch. Dist.</u>, 747 F.2d 149, 153-54 (3d Cir. 1984). Though we favor a more deferential standard, the question is not significant in this case because we affirm the district court's stay-put ruling applying *de novo* review as well.

The district court ordered the District to provide Jeffrey extended-school-year services for one summer to remedy its violation of IDEA's stay-put provision. The District challenges this ruling on appeal, but we conclude it was well within the court's remedial discretion. The district court declined to grant any additional relief for the stay-put violation, concluded that the District did not violate IDEA by failing to provide Jeffrey a free appropriate public education, and rejected the Hales' request for an award of attorneys' fees. The Hales cross-appeal these rulings. After careful review of the record, we affirm these portions of the district court's final order for the reasons stated in its thorough opinion.

The judgment of the district court is affirmed.

BYE, Circuit Judge, concurring in part and dissenting in part.

I would reverse the district court's determination that the District violated IDEA's stay-put provision by changing the location of Jeffrey's services in January 2000. The district court was required to give "due weight" to the state due process hearing panel's conclusion that the District had not violated IDEA's stay-put provision. <u>Strawn v. Mo. State Bd. of Educ.</u>, 210 F.3d 954, 958 (8th Cir. 2000). As the court noted, a change-in-placement issue is fact intensive. <u>See</u> <u>Bd. of Educ. of</u>

<u>Cmty. High Sch. Dist. No. 218 v. Ill. State Bd. of Educ.</u>, 103 F.3d 545, 549 (7th Cir. 1996). The due process hearing panel addressed this fact intensive issue and determined the District did not violate stay-put by changing the location of Jeffrey's services, given the information available to the District at the time the change in location was made. I believe the district court failed to give "due weight" to the due process hearing panel's decision. I would therefore reinstate the due process hearing panel's decision, and reverse the district court's order awarding compensatory relief stemming from the stay-put violation.

I join the court in affirming the judgment of the district court in all other respects.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-